UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCOS ANTONIO SILVA ONTANEDA,

Petitioner,

-v-

WARDEN IN CHARGE OF ICE DETENTION et al.,

Respondents.

26-CV-6720 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is a Petition for Writ of Habeas Corpus brought by Petitioner Marcos Antonio Silva Ontaneda. For the reasons explained below, review of the letters and briefing in this matter, the Petition is **DENIED WITHOUT PREJUDICE** to renewal if Petitioner's detention becomes unreasonably prolonged, *see Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), and/or if Petitioner remains in detention and there is no significant likelihood of removal in the reasonably foreseeable future, *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Petitioner is a citizen of Ecuador who entered the United States in 2024. *See* Rousseau Decl., ECF No. 7, ¶ 3. He is subject to a final order of removal issued on September 12, 2025. *See* Resps.' Mem. of L. in Opp. to Pet., ECF No. 6, at 1. On September 21, 2025, the New York City Police Department (NYPD) arrested Petitioner for Grand Larceny in the 4th Degree in violation of New York Penal Law 155.30(04). *See* Rousseau Decl. ¶ 9. On August 6, 2026, pursuant to a Warrant of Removal (Form I-205) signed on August 5, 2026, Immigration and Customs Enforcement (ICE) arrested Petitioner, and took him into custody. *See id.* ¶ 11.

The Petition was filed on the same day that Petitioner was arrested, August 6, 2026. *See* ECF No. 1. The same day, the Court issued an order staying removal and set a briefing schedule

on the Petition, with the Government's opposition due on August 10, 2026, and Petitioner's Reply, if any, due on August 24, 2026. *See* ECF No. 3. The Government timely filed an Opposition, arguing that Petitioner's detention is valid because its purpose is to facilitate a final order of removal, and that because he had been detained for only a short period of time, the length of his detention is not presumptively unreasonable under *Zadvydas*. ECF No. 6. No Reply was filed on August 24, 2026. In light of Petitioner's pro se status, however, the Court *sua sponte* extended the time to Reply to September 4, 2026. Again, no Reply was filed. It then came to the Court's attention that the docket did not indicate that service was effectuated on Petitioner of (1) the Government's Opposition or (2) the Court's Order extending the Petitioner's time to Reply. Accordingly, on September 8, the Court again *sua sponte* extended the time to Reply, this time to September 23, 2026, and directed the Government to serve Petitioner and file proof of service on the docket by September 9, 2026. *See* ECF No. 9. The Government then did so. *See* ECF Nos. 11-12.

Petitioner, now represented by counsel filed a reply conceding that Petitioner's detention is not presumptively unreasonable under *Zadvydas*. ECF No. 15. But he argues that this does not conclusively resolve his Petition, and that the Court should leave in place a stay of removal and transfer from outside of the area, in order to facilitate his efforts to seek administrative relief with the assistance of counsel.

The Court can find, and Petitioner cites, no basis for the relief requested. Where, as here, a non-citizen is subject to an administratively final order of removal, they may be subject to detention in order to effectuate that order. *See* 8 U.S.C. § 1231(a); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). That is what happened here. Petitioner challenges his detention as unlawful, but offers no non-conclusory argument as to why this is the case. He has been detained

for less than two months, which is not presumptively unreasonable, *see Zadvydas*, 533 U.S. at 701, and he does not argue otherwise. He also fails to articulate any other cognizable grounds for the various forms of relief he seeks (including release from detention or a stay of removal/transfer).

Accordingly, the Petition is **DENIED WITHOUT PREJUDICE**. The Stay of Removal and Transfer, ECF No. 3, is hereby **VACATED**.

The Government shall (1) submit a status letter with the Court when Petitioner has been successfully removed from the country; or (2) if Petitioner has not been removed from the country by **February 6, 2027**, submit a status letter regarding Petitioner's status, including: (1) whether Petitioner remains detained, and (2) whether there is a significant likelihood of removal in the reasonably foreseeable future, including (a) what steps the Government has taken to effectuate removal of Petitioner, including what if any travel documents have been obtained; (b) what obstacles, if any, remain to effectuate the Petitioner's removal; (c) what steps the Government anticipates taking to overcome these obstacles; (d) the anticipated timeframe, if any, for Petitioner's removal.

SO ORDERED.

Dated: October 5, 2026
New York, New York

DALE E. HO
United States District Judge